LOUISVILLE & NASHVILLE RAILROAD COMPANY *v.*
BEASLEY & BEASLEY.

(*Nashville.*  December Term, 1910.)

1. RES ADJUDICATA. Suit in which judgment for plaintiff
   was arrested for defect in substance in pleading cannot be
   pleaded in bar of another action.

The proceeding in an action wherein the judgment for plain-
   tiff was arrested in the circuit court for defect in matter of
   substance in the statement of the cause of action in the justice's
   warrant cannot be successfully pleaded as *res adjudicata* in bar
   of another action for the same cause of action.

Code cited and construed: Secs. 4446, 4585 (S.); secs. 3449,
   3756 (M. & V.); secs. 2755, 2865 (T. & S. and 1858).

Case cited and approved: Railroad v. Flood, 122 Tenn., 56.

2. ARREST OF JUDGMENT. For matter of substance in an ac-
   tion otherwise valid entitles plaintiff to a new action within
   a year.

The statute (Shannon's Code, section 4446) providing that where
   the judgment rendered in favor of the plaintiff is arrested, he
   may commence a new action within one year after the arrest,
   was primarily intended to prevent the bar of the statutes of
   limitations in the cases mentioned, but it necessarily implies
   the existence of a cause of action otherwise valid; and, more-
   over, contemplates a case wherein a motion in arrest of judg-
   ment was granted for matter of substance, because under another
   statute (Shannon's Code, section 4585) motions in arrest of
   judgment for matters of form in civil suits are abolished.

Code cited and construed: Secs. 4446, 4585 (S.); secs. 3449, 3576
   (M. & V.); secs. 2755, 2865 (T. & S. and 1858).

Railroad v. Beasley.

FROM TROUSDALE.

Appeal from the Circuit Court of Trousdale County to the Court of Civil Appeals, and sought by *certiorari* to be brought from the Court of Civil Appeals into the Supreme Court.— J. M. GARDENHIRE, Circuit Judge.

ED. T. SEAY, for Railroad.

J. E. FOUST and BASKERVILLE & COLLIER, for Beasley.

MR. JUSTICE NEIL delivered the opinion of the Court.

Plaintiffs below, Beasley & Beasley, brought an action against the railroad company in 1908 before a justice of the peace for injury inflicted upon certain cattle in course of shipment. There was a judgment before the justice for $49.07, and an appeal prayed and prosecuted to the circuit court of Trousdale county. There the case was tried before the court and jury, and resulted in a verdict in favor of the plaintiffs. A motion in arrest of judgment was then made for a defect of substance in the statement of the cause of action in the warrant sued out before the justice of the peace (*Railway Co.* v. *Flood,* 122 Tenn., 56, 113 S. W., 384), and sustained, and the suit dismissed. In 1909 a second action was brought before a justice of the peace of the same county on the same cause of action, and a judgment rendered as before, and an appeal to the same

Railroad v. Beasley.

circuit court. In that court the defendant interposed a plea of *res adjudicata,* based on the former proceeding. The plea was overruled, and it was then agreed by the parties that the plaintiff was entitled to a judgment on the merits of the controversy, unless the plea of *res adjudicata* could be lawfully held effective on the facts just presented. A judgment was then entered in favor of the plaintiffs, and an appeal prayed to the court of civil appeals. In that court the action of the circuit judge was affirmed, and a petition for *certiorari* was then filed in this court, presenting the same question here.

We are of the opinion that the court of civil appeals reached the correct conclusion. "After the arrest of judgment a new action may be brought, and the proceeding in the action wherein the judgment was arrested cannot be pleaded either in bar or in abatement." Am. and Eng. Enc. of L. and Pr., vol. 5, p. 557. In addition to the foregoing, the point is covered by our statute, which reads: "If the action is commenced within the time limited, but the judgment or decree is rendered against the plaintiff upon any ground not concluding his right of action, or where the judgment or decree is rendered in favor of the plaintiff, and is arrested, or reversed on appeal, the plaintiff, or his representatives and privies, as the case may be, may, from time to time, commence a new action within one year after the reversal or arrest." Shannon's Code, sec. 4446.

Of course, this section was primarily intended to prevent the running of the statute of limitations in the cases

mentioned, but it necessarily implies the existence of a cause of action otherwise valid. This section, moreover, contemplates a case wherein a motion in arrest of judgment was granted for matter of substance, because under section 4585 of the same Code motions in arrest of judgment for matters of form in civil suits are abolished.

It results that the petition for *certiorari* must be refused.