ROBERT E. BROOKSBANK et al., Plaintiffs in Error,

*v.*

ROANE COUNTY, Defendant in Error.

JAMES H. JOHNSTON et ux., Plaintiffs in Error,

*v.*

ROANE COUNTY, Defendant in Error.

(*Knoxville,* September Term, 1960.)

Opinion filed December 9, 1960.

ELMER L. EBLEN, Kingston, for plaintiffs in error.

JAMES M. GLASGOW, Assistant Attorney General, for defendant in error.

MR. JUSTICE SWEPSTON delivered the opinion of the Court.

There are two separate cases in which the pleadings and material allegations as well as the questions for determination are the same and one opinion will suffice for the disposition of both cases.

The cases are in this Court on a direct appeal from the action of the trial judge in sustaining a demurrer in each case. As will appear shortly hereinafter, the determinative question is whether or not the saving statute, T.C.A. sec. 28-106, is applicable to the situation where a landowner, whose land has been taken possession of for the purpose of internal improvement, has filed his suit under T.C.A. secs. 23-1423 and 23-1424 within 12 months after the actual taking of possession, but has taken a voluntary non-suit and then re-filed his suit within one year of said non-suit, but more than one year since the taking.

T.C.A. sec 28-106 provides:

*"New action after adverse decision not foreclosing merits.*—If the action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding his right of action, or where the judgment or decree is rendered in favor of the plaintiff, and is arrested, or reversed on appeal, the plaintiff, or his representatives and privies, as the case may be, may, from time to time, commence a new action within one (1) year after the reversal or arrest."

T.C.A. sec. 23-1423 provides:

*"Action initiated by owner.*—If, however, such person or company has actually taken possession of such land, occupying it for the purposes of internal improvement, the owner of such land may petition for a jury of inquest, in which case the same proceedings may be had, as near as may be, as hereinbefore provided; or he may sue for damages in the ordinary way, in which case the jury shall lay off the land by metes and bounds

and assess the damages, as upon the trial of an appeal from the return of a jury of inquest."

T.C.A. sec. 23-1424 provides:

*"Limitation of owners' actions.*—The owners of land shall, in such cases, commence proceedings within twelve (12) months after the land has been actually taken possession of, and the work of the proposed internal improvement begun; saving, however, to unknown owners and nonresidents, twelve (12) months after actual knowledge of such occupation, not exceeding three (3) years, and saving to persons under the disabilities of infancy and unsoundness of mind, twelve (12) months after such disability is removed, but not exceeding ten (10) years."

March 29, 1960, the landowner filed his "reverse" petition for condemnation against Roane County, Tennessee, alleging that certain of his land had been taken and certain other of his land had been damaged by Roane County in cooperation with the State in executing the highway program, i. e., for internal improvements. It is averred that a prior suit, the style and rule docket number of which is stated, was filed against Roane County and others but that the same was terminated by a voluntary non-suit on April 10, 1959, which on the face of things puts the present petition within a year after said non-suit. The prayer is for just compensation; for a jury of inquest to fix the damages; and for such other, further and general relief as the petitioner may be entitled to.

The demurrer is that said Code Sections 23-1423 and 1424, supra, provide (create) both the right of action and the period of limitations within which such suits must be filed by the landowner; and that said record in the pre-

vious cause referred to in the face of the petition shows that the right of action against Roane County is barred by said one-year limitation period provided by said Code Section 23-1424.

The two assignments of error are in effect: (1) that the record in the previous case does not affirmatively disclose that said suit was filed more than one year after the property was taken; (2) that the record affirmatively shows that the suit was filed within one year after the dismissal of a prior suit between the same parties involving the same controversy and was disposed of other than on the merits and by voluntary non-suit.

█ It is, of course, proper to refer to the record of the previous petition which is described in the present petition. That case is reported in *Brooksbank v. Leech,* 206 Tenn. 176, 332 S.W.2d 210, but we need concern ourselves with the record as made in the trial court with reference only to Roane County.

September 10, 1958, the original petition was filed against the State Commissioner of Highways attempting to recover a judgment in what amounted to a direct action against the State, for which there was no statutory or constitutional provision. Following a demurrer on that ground on October 24, 1958, a petition to amend was filed so as to make Roane County a party defendant. April 8, 1959, said amendment was allowed. April 10, 1959, a voluntary non-suit was taken as to Roane County. March 29, 1960, as heretofore stated, the present suit was filed.

Therefore, the answer to both assignments depends on whether the general saving statute applies (28-106), because, if it does not apply, the present suit was filed more than twelve months after the land was taken, for the

former action bringing in Roane County on October 24, 1958, alleged that the taking had occurred and the present suit was not filed until March 29, 1960.

With reference to the determinative question, Roane County relies upon the rule stated in *Automobile Sales Co. v. Johnson,* 174 Tenn. 38, 122 S.W.2d 453, 458, 120 A.L.R. 370, which rule, as stated therein, is "* * * When a *statute which creates a right of action* expressly limits the time in which suit to enforce the right may be brought, time is of the essence of the right and the limitation of the remedy is a limitation of the right."

The rule is broadly stated and correctly so in 53 C.J.S. under Limitations of Actions sec. 83a, p. 1051, as follows:

"A statutory period of limitation for an action on a liability created by statute, other than a penalty or forfeiture, as prescribed by many statutes, applies only where the liability is one which would not exist but for the creative statute."

This rule has been applied in several Tennessee cases such as *Brent v. Town of Greeneville,* 203 Tenn. 60, 309 S.W.2d 121, wherein under the annexation act of 1955 the defendants were given the right to test the validity of an annexation ordinance within a specified limited time. Held the general saving statute did not apply. The case turns on the fact that this statute created a right which did not theretofore exist.

In the same case is cited *Vaught v. Virginia & Southwestern Railroad,* 132 Tenn. 697, 179 S.W. 314, which involved the Federal Employers' Liability Act, 45 U.S.C.A. sec. 51 et seq., creating a right of action which did not theretofore exist.

We are of opinion, however, that that principle of statutory interpretation has no application to the facts in the instant case. The Constitution of Tennessee, Art. I, Sec. 21, provides:

"That no man's particular services shall be demanded, or property taken, or applied to public use, without the consent of his representatives, or without just compensation being made therefor."

Numerous cases hold that eminent domain statutes must provide just compensation, and the mode of ascertaining it, or such statutes will be unconstitutional and void. *Cunningham v. Memphis R. Terminal Co.,* 1912, 126 Tenn. 343, 149 S.W. 103; and other cases cited under said constitutional provision under note 41, p. 353, Vol. 1, T.C.A.

Therefore, the right to just compensation existed before any relevant statute was ever enacted and such right can not be said to be created by any such statutes, because the latter are enacted in implementation of the constitutional right already given.

An analogous case is *Webber v. Salt Lake City,* 40 Utah 221, 120 P. 503, 37 L.R.A.,N.S., 1115. There the Constitution provided for compensation for damages for the taking of private property for public use (here a change in the grade of the street affecting an abutting property owner) ; a statute was enacted to harmonize the statutory law with this provision of the Constitution. The only difference is that in that State that provision of the Constitution is held to be self-executing, whereas apparently our Constitution is not self-executing but leaves it to the Legislature to determine the method of the exercise of

the right of eminent domain and the manner of compensation or remedy. Held, the right to compensation depends upon the Constitution and not upon any harmonizing statutes.

It is not readily conceived how in Tennessee it can be correctly said that the right to compensation depends upon the statutory law when the right is expressly given by the Constitution.

Another interesting case is *Fratt v. Robinson*, 9 Cir., 203 F.2d 627, 635, 37 A.L.R.2d 636, in which the Court said that a cause of action recognized for centuries by the common law can not be regarded as a ''liability created by statute,'' within the meaning of a statute of limitations. This was held in a case involving a suit for fraud in the use of the mails to defraud in effecting the sale of securities in violation of the SEC regulations.

Our saving statute has always received a liberal construction. *Nashville C. & St. L. Railroad v. Bolton,* 134 Tenn. 447, 184 S.W. 9; *Bryant v. Mulder,* 163 Tenn. 600, 45 S.W.2d 48.

We see no good reason why it should not apply in the instant case where counsel has misconceived his remedy initially but has filed his petition within the year against the proper defendant; and by reason of the nonsuit the case has not been heard on the merits.

Reversed and remanded.