**Raymond STOKES, Plaintiff-Appellant,**

v.

**The UNIVERSITY OF TENNESSEE AT MARTIN, Defendant-Appellee.**

Court of Appeals of Tennessee,
Western Section, at Jackson.

June 19, 1987.

Permission to Appeal Denied
Sept. 8, 1987.

Harry Max Speight, Dresden, for plaintiff-appellant.

Beauchamp E. Brogan, Ronald C. Leadbetter, Knoxville, for defendant-appellee.

CRAWFORD, Judge.

This is an employee discharge case. Plaintiff, Raymond Stokes, appeals from the order of the trial court granting summary judgment to defendant, University of Tennessee at Martin (UTM).

Plaintiff's complaint, as amended, alleges that he was first employed by UTM on September 1, 1967, and was employed by UTM as Associate Director of Financial Aid until December 31, 1983. He avers that by letter of November 29, 1983, Randall Hall, Director of Financial Aid, advised him that his employment was being terminated as of December 31, 1983, because of inadequate work performance. He alleges that his termination was arbitrary and capricious and without sound basis, that by virtue of the personnel policies of UTM he had an expectancy of continued employment and could only be discharged for cause. He avers that he has been deprived of his property right in continued employment without due process and in violation of the United States Constitution. He further alleges that UTM violated 42 U.S.C. § 1983 which provides as follows:

§ 1983. *Civil action for deprivation of rights.* Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

UTM answered the complaint and then filed a motion for summary judgment on the ground that the action was barred by the doctrine of sovereign immunity and on the ground that plaintiff failed to state a claim upon which relief can be granted. Plaintiff has appealed and presents four issues for review.

The first issue is whether the trial court erred in holding that plaintiff's action is barred by the doctrine of sovereign immunity.

Article I, Sec. 17 of the Constitution of Tennessee provides:

Sec. 17. *Open courts—Redress of injuries—Suits against the State.—*That all courts shall be open; and every man, for an injury done him in his lands, goods, person or reputation, shall have remedy by due course of law, and right and justice administered without sale, denial, or delay. Suits may be brought against the State in such manner and in such

courts as the Legislature may by law direct.

T.C.A. § 20–13–102 provides:

20–13–102. *Actions against state prohibited.* (a) No court in the state shall have any power, jurisdiction, or authority to entertain any suit against the state, or against any officer of the state acting by authority of the state, with a view to reach the state, its treasury, funds, or property, and all such suits shall be dismissed as to the state or such officers, on motion, plea, or demurrer of the law officer of the state, or counsel employed for the state.

(b) No statutory or other provision authorizing the University of Tennessee and its board of trustees to sue and be sued shall constitute a waiver of sovereign immunity.

Plaintiff's suit was filed in Weakley County on May 18, 1984. At the time the suit was filed, T.C.A. § 29–10–101(a)(1) was in full force and effect and provided:

29–10–101. *Jurisdiction.*—(a)(1) The several circuit and chancery courts of Davidson County, Tennessee, shall, subject to appeal as provided by law, have jurisdiction to enter judgments against the state founded upon any express contract or breach thereof with the state and shall determine all questions of fact involved without the intervention of a jury, subject to the limitations of this chapter.

Plaintiff contends that T.C.A. § 29–10–101(a)(1) is not applicable to him and that Weakley County is the proper forum for this suit because he is suing on an implied contract and not an express contract. Therefore, we will consider the case premised on plaintiff's concession that his suit is based on an implied contract of employment as opposed to an express contract of employment. In *University of Tennessee v. Peoples Bank*, 157 Tenn. 87, 6 S.W.2d 328 (1928), our Supreme Court held that the University of Tennessee by incorporating did not lose the attribute of sovereign-

ty. Moreover, the legislature made it quite clear in T.C.A. § 20–13–102(b), quoted above, that it intended for the University of Tennessee to be clothed with sovereign immunity. It is well established that the University of Tennessee is not a "person" amenable to suit under 42 U.S.C. 1983. *See Gross v. University of Tennessee*, 448 F.Supp. 245 (W.D.Tenn.1978) *aff'd* 620 F.2d 109 (6th Cir.1980).

Plaintiff argues that his suit is not barred by the doctrine of sovereign immunity because he seeks injunctive relief. We quote from his brief:

This case was not one brought for damages within the purpose and intent of T.C.A. 20–13–102. The relief sought by Plaintiff was for reinstatement of his employment, benefits, and back-pay, and was in the nature of equitable or injunctive relief, *not* damages. (Emphasis supplied).

Plaintiff apparently misreads T.C.A. § 20–13–102, because we find nothing in the statute referring to a suit for "damages." The statute is quite explicit in prohibiting any suit "with a view to reach the state, its treasury, funds or property." Clearly plaintiff's suit seeking reinstatement, back-pay, employment benefits, and attorney's fees, comes within the purview of the statute. T.C.A. § 29–10–101(a)(1)[1] waiving immunity, relates only to express contracts and specifically provides for suits thereon in the courts of Davidson County, Tennessee. A statute permitting suit against the state under authority of Article 1, Sec. 17 of the Constitution of Tennessee must be strictly construed and the jurisdiction cannot be enlarged by implication. *Hill v. Beeler*, 199 Tenn. 325, 286 S.W.2d 868 (1956). Even if plaintiff's Weakley County suit were premised on an express contract, this statute mandates a dismissal.

The trial court was correct in holding that plaintiff's suit was barred by virtue of sovereign immunity. Accordingly, the judgment of the trial court is affirmed and this case is remanded for such further pro-

---

1. This statute was repealed effective January 1, 1985, by 1984 Tenn.Pub.Acts Ch. 972, which established the Tennessee Claims Commission.

ceedings as are necessary. Costs of the appeal are assessed against the appellant. We pretermit consideration of the other issues presented.

TOMLIN, P.J. (W.S.), and FARMER, J., concur.