Peggy L. **BROWN**, Claimant/Appellee,

v.

**STATE of Tennessee,**
**Defendant/Appellant.**

Court of Appeals of Tennessee, Middle Section, at Nashville.

Nov. 1, 1989.

Permission to Appeal Denied by Supreme Court Jan. 2, 1990.

Jay L. Stillman, Nashville, for claimant-appellee.

Karen E. Holt, Knoxville, Asst. Gen. Counsel, for defendant-appellant.

## OPINION

TODD, Presiding Judge.

The State of Tennessee has been granted permission for this interlocutory appeal from an order of the Claims Commission overruling the State's motion to dismiss.

On July 20, 1988, claimant filed her complaint with the Division of Claims Administration, alleging that she was injured on or about May 4, 1987, in a collision involving a vehicle leased to and being used on the business of the University of Tennessee.

Upon transfer of the claim to the Tennessee Claims Commission, the State moved to dismiss on the ground that the statute of limitations, T.C.A. § 28–3–104 excluded the claim from the jurisdiction of the Claims Commission. Following said motion in the record of the Commission is a Memorandum of Law in Support of Motion to Dismiss. Following said memorandum are a number of unauthenticated documents which are not marked filed by the Commission. They are:

1. Notice of Voluntary Dismissal of the Suit of Peggy L. Brown vs. Kenneth J. Baker, et al. The notice is dated September 1, 1988, and is captioned: "In the Circuit Court for Knox County, Tennessee". The document is marked "Exhibit A", but bears no certification or indicia of filing in said Court or with the Commission.

2. Answer of Defendant, The University of Tennessee, to Plaintiff's Complaint, captioned in the same Court, is marked "Exhibit B" and likewise is devoid of any certification or filing date.

3. A copy of an opinion of this Court in another case, marked Exhibit C, but bearing no certification or filing data.

4. A copy of an opinion of the U.S. Court of Appeals marked Exhibit D, but bearing no certificate or indicia of filing with the Commission.

On November 15, 1988, plaintiff filed "Plaintiff's Response to Defendant's Motion to Dismiss." In said response, it is stated that:

> ... The plaintiff originally filed a Complaint in the Circuit Court of Knox County, Tennessee on April 8, 1988, less than one year from the date of the collision which was on May 4, 1987 ... Named as defendants in that lawsuit were the University of Tennessee, the State of Tennessee, and Kenneth Baker, the employee of the State of Tennessee, who was operating the vehicle at the time of the collision. On April 18, 1988, service of the Summons and Complaint in that lawsuit was obtained upon Jan Hicks as agent of the University of Tennessee ... The plaintiff subsequently entered a Non–Suit without prejudice in response to a Motion to Dismiss filed by the University of Tennessee based upon T.C.A. § 9–8–301 et. seq., which is the legislation creating the Claims Commission. On July 22, 1988, while the Circuit Court case was still pending, a claim was filed with the Division of Claims Administration for the State of Tennessee. Although that claim was not filed within one year from the date of the plaintiff's injury, the plaintiff respectfully submits that her claim should not be dismissed because she did file the claim before her voluntary Non–Suit was filed and, therefore, her claim should be saved by T.C.A. § 28–1–105, which is commonly known as the "savings statute".

Following said response in the record is an unfiled document purporting to be a copy of a return of service of summons by mail.

Following said document in the record is a "Memorandum in Support of Plaintiff's Response to Defendant's Motion to Dismiss."

Following said memorandum in the record are 15 pages of unfiled copies of appellate opinions.

Following said pages are "Plaintiff's Second Response to Defendant's Motion to Dismiss" and "Defendant's Reply to Plaintiff's Response to Motion to Dismiss."

Following said pleadings in the record is a copy of an opinion of this Court.

This Court is somewhat at a loss to discern precisely what, if any, of the foregoing is properly before this Court.

It appears that the original motion to dismiss required no supporting evidence, for it was based upon the allegations of the complaint, the statute of limitations, the statute creating the board of claims and the date of filing the claim.

On the other hand, the plaintiff appears to resist the motion to dismiss on the basis of facts extraneous to this record, to wit, the timely filing of a suit against the University of Tennessee and the dismissal of said suit under circumstances which are included in the "Saving Statute", T.C.A. § 28–1–105. The extraneous facts should have been presented to the Commission by certified copies of court records or by affidavit. Neither appears in this record.

Nevertheless, the briefs treat certain facts as having been shown by competent evidence.

The Statement of Facts in appellant's brief states:

> This case arises out of a claim for damages incurred as the result of a collision involving a vehicle operated by plaintiff and a vehicle operated by a University of Tennessee employee on or about May 4, 1987. Plaintiff initially filed a suit against the State and others on April 8, 1988, in Knox County Circuit Court, which the University moved to dismiss for lack of jurisdiction. That case was ultimately nonsuited on September 1, 1988. Plaintiff, in the meantime, filed a claim with the Division of Claims Administration on July 20, 1988, which was over a year after the accident occurred. Such claim was transferred to

the Claims Commission on October 25, 1988.

The State moved to dismiss the Claims Commission action pursuant to Rule 0310–1–1–.12(2)(a) of the Tennessee Claims Commission on the ground that the Commission lacked subject matter jurisdiction. (R. 17). The basis for the State's motion was that the claim was filed outside the one year statute of limitations, T.C.A. § 28–3–104, and that the Claims Commission was precluded from considering a late filed claim under T.C.A. § 9–8–402(a), (b).

The Claims Commission for the Middle Section, Honorable Richard Rucker, Commissioner, denied the motion to dismiss by order entered February 17, 1989. (R. 81).

The State moved the Claims Commission for permission to appeal the Commission's interlocutory ruling denying the State's motion to dismiss. (R. 84). The motion was granted by order entered March 22, 1989. (R. 88). The State then applied to this Court for permission to appeal the interlocutory order, which was granted on April 20, 1989. (R. 90).

It is the State's contention that T.C.A. § 28–1–105, the savings statute, is not applicable to claims brought against the State and cannot be used to extend the time for filing. Even if it can be invoked for claims against the State, it cannot be used to enlarge the time for filing claims with the Tennessee Claims Commission.

The appellee's brief states:

The appellee adopts by reference the statement of the facts as stated on pages two and three of the brief of the appellant with the exception of the appellant's argument in the last paragraph of the Statement of Facts on page three.

The order of the Commission finds the following facts:

The claimant's injury occurred on May 4, 1987.

Claimant filed a circuit court action against the University of Tennessee on April 8, 1988.

Claimant filed a claim with the Division of Claims Administration on July 20, 1988.

The circuit court action was voluntarily dismissed on September 1, 1988.

The claim was transferred from the Division of Claims Administration to the Claims Commission on October 25, 1988.

The Commission overruled the motion to dismiss, and the State appealed by permission presenting two issues, as follows:

I. Does T.C.A. § 28–1–105 apply to extend the time for filing suit against the State?

II. If T.C.A. § 28–1–105 is applicable to the State, is it applicable to claims brought pursuant to the Tennessee Claims Commission Act?

Claims against the State are authorized by T.C.A. § 9–8–301 et seq., "Tennessee Claims Commission", and T.C.A. § 9–8–401 et seq., "The Division of Claims Administration".

T.C.A. § 9–8–402 provides in pertinent part as follows:

Claims.—(a) The claimant must give written notice of his claim to the division of claims administration as a condition precedent to recovery....

(b) The claim is barred unless the notice is given within the time provided by statutes of limitation applicable by the courts for similar occurrences from which the claim arises....

The applicable statute of limitations is T.C.A. § 28–3–104 which requires that suits for personal injury be filed within one year after the cause of action accrued.

Plaintiff concedes that no claim was filed with the Division of Claims Administration within one year after her injury. However, plaintiff asserts that her suit, filed in the Circuit Court for Knox County Tennessee against Kenneth J. Baker and others constituted a compliance with § 28–3–104 and that the non-suit of that action created a new period for filing her action under T.C.A. § 28–1–105, which provides in pertinent part as follows:

New action after adverse decision—(a) If the action is commenced within the time limited by a rule or statute of limita-

tion, but the judgment or decree is rendered against the plaintiff upon any ground not concluding his right of action, or where the judgment or decree is rendered in favor of the plaintiff, and is arrested, or reversed on appeal, the plaintiff, or his representatives and privies, as the case may be, may, from time to time, commence a new action within one (1) year after the reversal or arrest. . . .

The statute is silent as to the time of extension, if any, after *dismissal,* however, this omission in the statute is not argued by the parties and is expressly pretermitted in this decision.

Appellant first asserts that § 28–1–105 does not extend the time for filing suit against the State.

■ Article I, Section 17 of the Constitution of Tennessee provides:

Suits may be brought against the State in such manner and in such courts as the Legislature may by law direct.

This section, being in derogation of the State's sovereign privilege of exemption from suit, must be strictly construed. *State ex rel. Allen v. Cook,* 171 Tenn. 605, 106 S.W.2d 858 (1937).

■ The State, as sovereign, is immune from suit except as it consents to be sued. *Brewington v. Brewington,* 215 Tenn. 475, 387 S.W.2d 777 (1965).

■ The rule of sovereign immunity in Tennessee is both constitutional and statutory. It is not within the power of the courts to amend it. *Austin v. City of Memphis,* Tenn.App.1984, 684 S.W.2d 624.

■ A statute permitting suit against the State must be strictly construed, and jurisdiction cannot be enlarged by implication. *Stokes v. University of Tennessee,* Tenn.App.1987, 737 S.W.2d 545, cert. den. 485 U.S. 935, 108 S.Ct. 1110, 99 L.Ed.2d 271 (1988), *Sweeney v. State Dept. of Transportation,* Tenn.App.1987, 744 S.W.2d 905.

■ As heretofore pointed out, the Legislature has provided the manner and forum for seeking compensation from the State for injury by State employees, i.e., a claim must be filed with the Division of Claims Administration within one year after the accrual of the cause of action. The claim was not filed within one year, but the plaintiff claims the benefit of T.C.A. § 28–1–105. If this section is held to be applicable to claims against the State, the result would be an extension of the right to sue the State and a corresponding restriction of the sovereign immunity of the State. Such a result without express legislative consent is impermissible. *Automobile Sales Co. v. Johnson,* 174 Tenn. 38, 122 S.W.2d 453 (1938). In the cited case, an action to recover taxes paid under protest was timely filed, but dismissed without prejudice. Within one year after such dismissal, another action was brought. The Supreme Court held that the time for filing suit was not extended by T.C.A. § 28–1–105 and said:

It is a general rule that the State is not bound by the general words of a statute, which, if applied, would operate to trench on its sovereign rights, injuriously affect its capacity to perform its functions, or establish a right of action against it, unless the contrary is expressly declared or necessarily implied.

174 Tenn. at 42, 122 S.W.2d at 455.

. . . .

Not only, as heretofore shown, is it held that general procedural statutes are not held to apply to a State unless expressly so provided, but the procedural statute, Code, Section 8572 [predecessor to § 28–1–105], herein invoked has application to statutes of limitation of a general nature which relate to the remedy only, whereas we have here a statute which expressly provides a condition precedent, compliance with which is essential in order to confer jurisdiction.

174 Tenn. at 45, 122 S.W.2d at 456.

■ Where legislation permits relief against the State, the conditions prescribed by such statute must be strictly construed, and jurisdiction to grant such relief cannot be enlarged by implication. *Beare Co. v. Olsen,* Tenn.1986, 711 S.W.2d 603, *Crowe v. John W. Harton Memorial Hospital,* Tenn.App.1979 579 S.W.2d 888.

Appellee cites *Brookbranch v. Roane County*, 207 Tenn. 524, 341 S.W.2d 570 (1960), which was a reverse condemnation suit in which the saving statute was invoked. The Supreme Court held that the rule of *Automobile Sales Co. v. Johnson*, supra, was applicable to all rights against the State created by statute, citing *Brent v. Town of Greeneville*, 203 Tenn. 60, 309 S.W.2d 121 (1957) and *Vaught v. Virginia and Southwestern Railroad*, 132 Tenn. 679, 179 S.W. 314 (1915). However, the Court held that the right of compensation for taking of private property by the State was constitutional and not statutory, and therefore not subject to the *Automobile Sales Co.* rule.

The right of plaintiff in the present case is statutory and not constitutional. It is therefore subject to the rule in *Automobile Sales Co. v. Johnson*.

There is no showing that plaintiff ever had any right to sue the State of Tennessee in the Circuit Court of Knox County. The only right of this plaintiff to seek redress from the State is found in the Tennessee Claims Administration Act, quoted above, which requires notice of claim to be filed with the Division of Claims Administration within the time provided by statute of limitation (1 year). There is no showing that a claim was filed with the Division of Claims Administration within the one year period of limitation.

The time for pursuing a remedy against the State can be extended neither by filing an unauthorized suit in an unauthorized forum, nor by the application of the "Savings Statute" which does not specifically apply to claims against the State.

The action of the Claims Commission is reversed. Costs of this appeal are taxed against the appellee. The cause is remanded to the Claims Commission for a disposition consistent with this opinion.

Reversed and remanded.

LEWIS, J., concurs.

KOCH, J., concurs in separate opinion.

1. Act of March 25, 1985, ch. 105, § 10, 1985

KOCH, Judge, concurring.

I concur with the majority's conclusion that Peggy Brown's claim against the State of Tennessee must be dismissed. Tenn. Code Ann. § 28–1–105 is intended to save otherwise valid claims from the statute of limitations. *Louisville & Nashville R.R. v. Beasley & Beasley*, 123 Tenn. 629, 631–32, 134 S.W. 306, 306 (1911). Ms. Brown's claim is defective because it was not properly filed with the Division of Claims Administration.

State law imposes two conditions on persons desiring to pursue a claim against the State of Tennessee. Tenn.Code Ann. § 9–8–402(a) (1987) requires that the claimant must give written notice to the Division of Claims Administration, and, as a result of a 1985 amendment,[1] Tenn.Code Ann. § 9–8–402(b) requires that the claim be filed within the time provided by the statute of limitations normally applicable to similar causes of action.

Each of these conditions serves an important purpose and is mandatory. Like other statutes of limitations, Tenn.Code Ann. § 9–8–402(b) is intended to prevent the filing of stale claims. Tenn.Code Ann. § 9–8–402(a) is intended to make sure that the proper state officials receive notice of the claim to enable them to investigate the matter and to make a prompt administrative disposition of the claim.

The Division of Claims Administration did not receive Ms. Brown's claim until over a year after the accident, and there is no independent evidence that the Division knew or should have known about the existence of the claim. Accordingly, I would find that Mrs. Brown's claim could not pass muster under Tenn.Code Ann. § 9–8–402(a) even if Tenn.Code Ann. § 28–1–105 saved it from the requirements of Tenn.Code Ann. § 9–8–402(b).