# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### February 14, 2003 Session

## RONNIE BROWN, ET AL. v. STATE OF TENNESSEE, ET AL.

### Appeal from the Tennessee Claims Commission

_____

### No. M2002-01361-COA-R3-CV  - Filed May 2, 2003

_____

Claimants appeal the action of the Tennessee Claims Commission in dismissing their claims based upon the expiration of the statute of limitations.  We affirm the action of the Claims Commission.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Claims Commission Affirmed**

WILLIAM B. CAIN, J., delivered the opinion of the court, in which PATRICIA J. COTTRELL, J., and L. CRAIG JOHNSON, SP. J., joined.

Andy L. Allman, Hendersonville, Tennessee, for the appellants, Joanne Johnson, Ronnie Brown and Tonya Bailey.

Paul G. Summers, Attorney General & Reporter; Michael E. Moore, Solicitor General, and Sarah T. Chambers, for the appellee, State of Tennessee.

### OPINION

Claimants, Ronnie Brown, JoAnne Johnson, Tonya Bailey, Brianna Pitts and Brittany Bailey, were injured in an automobile accident on November 8, 2000, which occurred on Interstate Highway 40 in Nashville, Davidson County, Tennessee.  On November 7, 2001, Claimants brought suit in the Circuit Court of Davidson County, Tennessee against "Sylvia Burtts, Department of Transportation, State of Tennessee, Tennessee Claims Commission, and Shawn Bailey."  This suit alleged that the Claimants were all passengers in an automobile driven by Defendant Burtts on Interstate 40 in Nashville, with the vehicle having been rented by Defendant Bailey and entrusted to Defendant Burtts.  It was further alleged that, at the time of the accident in the late evening hours of November 8, 2000, it was raining hard and standing water pooled on portions of the roadway.  Burtts was charged with negligence in the operation of the vehicle, and the State of Tennessee was charged with negligence in failing to properly maintain drains and otherwise prevent standing water from pooling on the roadway.

This complaint was filed in the circuit court on November 7, 2001, and on that same day, process was properly served on the Claims Commission of the State of Tennessee. While this circuit court action was pending, on December 18, 2001, Plaintiffs filed a claim "In The Claims Commission For Tennessee At Nashville" which was styled "Amended Complaint." This Amended Complaint purported to amend the November 7, 2001 Complaint that was filed in the Davidson County Circuit Court. The Amended Complaint is almost a verbatim repetition of the Complaint filed in the circuit court.[1]

On March 20, 2002, pursuant to Tennessee Code Annotated section 9-8-402(c), the Division of Claims Administration transferred the claim to the Tennessee Claims Commission. On March 26, 2002, the Attorney General of Tennessee filed, on behalf of the State of Tennessee, a Motion to Dismiss the claim because it was barred by the applicable statute of limitations. In support of its Motion to Dismiss, the Attorney General asserted:

> The Constitution of the State of Tennessee provides that "[s]uits may be brought against the State in such manner and in such courts as the Legislature may, by law, direct." Tenn. Const. Art. I, Sec. 17. Statutes passed by the legislature which permit suits against the State are in derogation of the State's inherent exemption from suit, must be strictly construed, and jurisdiction granted under such statutes cannot be enlarged by implication. *Beare Co. v. Olsen*, 711 S.W.2d 603 (Tenn. 1986). Thus, where the State has granted authorization through the General Assembly to bring suit against the State, such suits may only be brought in those courts and under those conditions specified by the General Assembly. *Crow v. John W. Harton Memorial Hospital*, 579 S.W.2d 888 (Tenn. Ct. App. 1979).
>
> The Claims Commission Act, passed by the legislature and allowing for suits against the State, specifically bars claims against the State unless written notice is given to the Division of Claims Administration within the appropriate statute of limitations period relative to the particular cause of action. Tenn. Code Ann. § 9-8-402(a) and (b). This claim for personal injuries is a personal tort action and, thus, is subject to a one year statute of limitations. *See* Tenn. Code Ann. § 28-3-104(a).
>
> According to the Claimants' complaint, styled Amended Complaint, the accident giving rise to their cause of action occurred on November 8, 2000. However, a claim was not filed with the Division of Claims until December 18, 2001. *See* Amended Complaint. Thus, the claim was filed 40 days past the expiration of the applicable statute of limitations and is statutorily time barred. Therefore, the State of Tennessee respectfully moves for this action to be dismissed.

---

[1] It is asserted by Appellants that the Amended Complaint was filed as a matter of right under Tennessee Rule of Civil Procedure 15.01 since no responsive pleading had been filed and the proceedings in both the circuit court and the Tennessee Claims Commission are governed by the Tennessee Rules of Civil Procedure. *See* Tenn. Code Ann. § 9-8-403.

Claimants countered with an assertion that the copy of the circuit court Complaint, admittedly served on the State of Tennessee Claims Commission on November 7, 2001, within the statute of limitations, was adequate "notice" under Tennessee Code Annotated section 9-8-402(a).

In sustaining the Motion to Dismiss, the Commissioner held: "This Commission finds that the papers served on this Commission's Clerk in November 2001 were not reasonably written to give any notice to anybody - - the Attorney General, the Transportation Department, the Treasury Department, the Claims Commission, anybody - - of any proceeding before this Commission; . . ." Claimants timely appealed.

This Court cannot, without judicially legislating, save this case from the statute of limitations.

In the 27 years that have elapsed since Justice Henry, in his eloquent and encyclopedic dissent, decried governmental immunity as a "cankered, corroded, and corrupted area of our law,"[2] the appellate courts of Tennessee have repeatedly reemphasized that governmental immunity in this state is not of common law origin but rather of constitutional and statutory origin. *Jones v. L & N R.R. Co.*, 617 S.W.2d 164 (Tenn. Ct. App. 1981); *Austin v. City of Memphis*, 684 S.W.2d 624 (Tenn. Ct. App. 1984); *Brown v. State*, 783 S.W.2d 567 (Tenn. Ct. App. 1989); *Sweeney v. State Dep't of Trans.*, 744 S.W.2d 905 (Tenn. Ct. App. 1987). As a logical and necessary corollary to such rule, statutes permitting suits against the state and suits against cities and counties as arms of the state must be strictly construed, and jurisdiction cannot be enlarged by implication. *Beare Co. v. Olson*, 711 S.W.2d 603 (Tenn. 1986); *Griffith Motors, Inc. v. King*, 641 S.W.2d 200 (Tenn. 1982); *Stokes v. Univ. of Tenn.*, 737 S.W.2d 545 (Tenn. Ct. App. 1987); *Yokley v. State*, 632 S.W.2d 123 (Tenn. Ct. App.1981).

In addressing the same factual situation as is involved in the case at bar, this Court applied the strict construction rule in *Brown v. State, supra*. In that case, the claimant had been injured on May 4, 1987 in a vehicle collision with an automobile owned by the University of Tennessee. On April 8, 1988, she filed her complaint in the Circuit Court of Knox County against the University of Tennessee. She did not, however, file her claim with the Division of Claims Administration of the State of Tennessee until July 20, 1988, more than one year after the accident. Her claim was transferred to the Claims Commission on October 25, 1988 where, since she had voluntarily dismissed her Knox County Circuit Court case on September 1, 1988, without prejudice, she attempted to claim the benefit of the saving statute, Tennessee Code Annotated section 28-1-105. In holding the saving statute to be inapplicable and the Knox County Circuit proceeding ineffective to toll the statute of limitations, this Court held:

> There is no showing that plaintiff ever had any right to sue the State of Tennessee in the Circuit Court of Knox County. The only right of this plaintiff to seek redress from the State is found in the Tennessee Claims Administration Act, quoted above, which requires notice of claim to be filed with the Division of Claims

---

[2] *Cooper v. Rutherford County*, 531 S.W.2d 783, 785(Tenn. 1975)(Henry dissenting).

Administration within the time provided by statute of limitation (1 year). There is no showing that a claim was filed with the Division of Claims Administration within the one year period of limitation.

The time for pursuing a remedy against the State can be extended neither by filing an unauthorized suit in an unauthorized forum, nor by the application of the "Savings Statute" which does not specifically apply to claims against the State.

*Brown*, 783 S.W.2d at 572.

In *Locust v. State of Tennessee*, pro se plaintiff filed a legal malpractice action against an assistant public defender in the Circuit Court of Dyer County, Tennessee. The suit alleged malpractice in legal representation that occurred at a motion hearing of June 29, 1993. The circuit court action was timely filed within one year after June 29, 1993, and, on August 12, 1994, the court entertained the defendant's motion to dismiss for lack of subject matter jurisdiction. Pro se plaintiff then filed a motion to transfer the case to the Tennessee Claims Commission pursuant to Tennessee Code Annotated section 9-8-307, which provided, in part:

(i)(1) Claims that were timely filed with a court of competent jurisdiction and that fall within the jurisdiction of the claims commission found in subsection (a) may be transferred to the division of claims administration by *agreement of the parties and the consent of the attorney general and reporter* and upon such transfer, shall be considered timely filed with the division of claims administration. *Such transfer shall be effected by filing with the division of claims administration the parties' agreement and the complaint which is the subject of the agreement.* Such claims shall be considered by the division of claims administration and the claims commission, as provided by law, even if the court retains jurisdiction over the claim. (Emphasis added).

*Locust v. State*, 912 S.W.2d 716, 717-18 (Tenn. Ct. App. 1995)(quoting Tenn. Code Ann. § 9-8-307).

The state asserted that the Circuit Court of Dyer County was not a "court of competent jurisdiction" within the meaning of the statute and, further, that the state did not agree to transfer the case to the Claims Commission under the statute. Faced with a statutory construction question that would render a provision of the statute meaningless, since construction urged by the state would necessarily result in no court being a court of competent jurisdiction, this Court held that "a 'court of competent jurisdiction' is a court in which a claimant could have maintained an action for monetary judgment if the state had been a private individual." *Locust*, 912 S.W.2d at 718.

As to the second ground of the motion by the state, this Court held:

Since, however, the court did not transfer the case to the division of the claims commission because of a failure to meet the criteria of T.C.A. § 9-8-307(i)(1)

-4-

for transfer, the appellant cannot rely upon the filing of the complaint in the Dyer County Circuit Court to toll the running of the statute of limitations. It is clear, therefore, that the statute of limitations had expired prior to the filing of the claim with the division of claims administration.

*Id.* at 718.

The strength of *Locust* on this latter point was legislatively diminished by Chapter 785 of the Public Acts of 1998, which repealed the language in Tennessee Code Annotated section 9-8-307(i)(1) and inserted in its place the present statutory language providing:

> (i)(1)  Claims that were timely filed against a state employee with a court of competent jurisdiction and that fall within the jurisdiction of the claims commission found in subsection (a)(1)(A) shall be dismissed as to the state employee and transferred to the division of claims administration to proceed as a claim against the state; provided, that the state employee alleged to have acted negligently was, at the time of the incident giving rise to the claim, operating a private motor vehicle within the scope of the employee's office or employment, and the employee's action or inaction was not willful, malicious, criminal or done for personal gain. When a motion for transfer is made, the court shall require that notice be given the attorney general and reporter and the state shall be permitted to intervene and respond to the motion.  Upon such transfer, the claim shall be considered timely filed with the division of claims administration and the claims commission.  Such transfer shall be effected upon an order of dismissal and transfer from the court.  Any such transfer must be made within one (1) year of the filing of the original complaint with the court or on or after April 22, 1998, whichever is later.  Such claims shall be considered by the division of claims administration and the claims commission, as provided by law.  This subsection shall be effective for causes of action arising on or after July 1, 1995, pending on or after April 22, 1998, and causes of action arising on or after April 22, 1998.

Tenn. Code Ann. § 9-8-307(i)(1)(2002).  In the case at bar, even if Tennessee Code Annotated section 9-8-307(i)(1) could be applicable, the procedures set forth therein have not been followed.

The position of Claimants is intriguing.  It is true that the process issuing from the Circuit Court of Davidson County on November 7, 2001, and, in fact, served upon the Claims Commission on that same date, provided notice of the facts in the Complaint and notice that a claim was being filed, albeit in a court not competent to adjudicate any issue.  This same situation, however, was true in both *Brown v. State* and *Locust v. State*, though neither opinion indicates an assertion that such notice was sufficient under Tennessee Code Annotated section 9-8-402(a).  If, however, Tennessee Code Annotated section 9-8-402(a) and (b) or section 9-8-307(i)(1) are to be stretched in the face of the strict construction rule of *Brown v. State*, such must be accomplished by higher authority than this intermediate appellate court.  *In re:  Kerby's Estate*, 354 S.W.2d 814 (Tenn. Ct. App. 1961).

The judgment of the Claims Commission is affirmed, and the case is remanded for such further proceedings as may be necessary.

Costs of the cause are assessed against Appellant.

_____
WILLIAM B. CAIN, JUDGE