# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
July 23, 2015 Session

## FRANCES E. MILLER EX REL. ARNOLD EDWARD MILLER, SR.
## V. COOKEVILLE REGIONAL MEDICAL CENTER ET AL.

**Appeal from the Circuit Court for Putnam County**
**No. 11J0256      Amy V. Hollars, Judge**

_____

**No. M2014-01917-COA-R3-CV –Filed September 29, 2015**

_____

Plaintiff filed this medical malpractice action[1] on September 8, 2011, pursuant to the Tennessee Medical Malpractice Act ("the TMMA") against Cookeville Regional Medical Center, which is a governmental entity subject to the Governmental Tort Liability Act ("the GTLA"). The Medical Center filed a motion to dismiss for failure to state a claim, relying upon the Supreme Court's decision in *Cunningham v. Williamson Cnty. Hosp. Dist.*, 405 S.W.3d 41 (Tenn. 2013), to support its assertion that Plaintiff's suit was untimely filed because it was not filed within the one-year statute of limitations set forth in the GTLA, Tenn. Code Ann. § 29-20-305(b) (2012). Plaintiff responded contending that the *Cunningham* decision should be applied prospectively only, so as to preserve Plaintiff's claim as timely. The trial court found the decision in *Cunningham* controlling and dismissed the complaint as untimely filed. We affirm.

## Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed

FRANK G. CLEMENT, JR., P.J., M.S., delivered the opinion of the Court, in which ANDY D. BENNETT and W. NEAL MCBRAYER, JJ., joined.

Euel Walter Kinsey, Jr., Detroit, Michigan, for the appellant, Frances E. Miller.

Cynthia A. Wilson, Cookeville, Tennessee, for the appellee, Cookeville Regional Medical Center.

---

[1] In 2012, Tenn. Code Ann. sections 29-26-115 to -122 and section -202 of the Medical Malpractice Act were amended to replace "medical malpractice" with "health care liability." Act of Apr. 23, 2012, ch. 798, sections 7 to 15, §§ 29-26-115 to -122, & -202, 2012 Tenn. Code Ann. Adv. Legis. Serv. 274, 274-75 (LexisNexis) (relative to health care liability). Because the term "medical malpractice" was used in the statutes at the time of this action, we will continue to use it throughout this opinion.

**OPINION**

This is a medical malpractice action filed by Plaintiff, Frances E. Sparks Miller, individually and as the surviving spouse of Arnold E. Miller, Sr., against Cookeville Regional Medical Center ("the Medical Center") and David I. Udom, M.D.[2] Plaintiff alleges the negligence of the Medical Center and Dr. Udom in prescribing and administering an excess dosage of blood thinner resulted in the death of Mr. Miller. Specifically, Plaintiff alleges that, after Mr. Miller was admitted to the Medical Center for treatment of Chronic Obstructive Pulmonary Disease and Chronic Heart Failure, he received a dosage of blood thinner approximately three times greater than what he ordinarily took at home. The complaint further alleges that as a result of the excessive dosage, Mr. Miller's blood became so thin that he required emergency correction with blood products, and that, within thirty minutes of receiving the blood products, Mr. Miller died on May 18, 2010.

Plaintiff provided notice of intent to file a claim to the Medical Center and Dr. Udom on May 11, 2011, in accordance with Tenn. Code Ann. § 29-26-121. This action was commenced with the filing of the complaint on September 8, 2011, which was more than one year but less than sixteen months after Mr. Miller's death.

The Medical Center, a public hospital operated by the City of Cookeville, Tennessee, filed a motion to dismiss Plaintiff's claim as time barred pursuant to the one-year statute of limitations in the Governmental Tort Liability Act ("GTLA"), Tenn. Code Ann. § 29-20-305(b). In support of its motion, the Medical Center relied upon the Tennessee Supreme Court's recent decision in *Cunningham v. Williamson County Hospital District*, 405 S.W.3d 41, 46 (Tenn. 2013), holding that the GTLA statute of limitations was not extended through compliance with the pre-suit notice provisions in Tenn. Code Ann. § 29-26-121. Plaintiff responded to the motion contending that the *Cunningham* decision affected a substantive right and that the decision should be applied prospectively only, so as to preserve Plaintiff's claim as timely.

The trial court granted the Medical Center's motion to dismiss stating that having "considered the controlling relevant authority, *Cunningham* [ ], the court is of the opinion that Plaintiff's claim against [the Medical Center] is barred by the statute of limitations set forth at [Tenn. Code Ann.] § 29-20-305(b)." Thereafter, upon the request of the Medical Center, the order was designated as a final appealable order pursuant to Tenn. R. Civ. P. 54.02, from which Plaintiff appealed.[3]

---

[2] Plaintiff's complaint included allegations against the Medical Center's affiliates and two other doctors; however, those claims were subsequently dismissed by either agreed order or voluntary non-suit and are not at issue in this appeal.

[3] The claims against Dr. Udom remain in the trial court and are not at issue in this appeal.

STANDARD OF REVIEW

The order from which this appeal arises granted a motion to dismiss pursuant to Tenn. R. Civ. P. 12.02(6). The purpose of a Rule 12.02(6) motion to dismiss for failure to state a claim upon which relief can be granted is to test the sufficiency of the complaint. *Phillips v. Montgomery Cnty.*, 442 S.W.3d 233, 237 (Tenn. 2014). In determining whether the pleadings state a claim upon which relief can be granted, only the legal sufficiency of the complaint is tested, not the strength of plaintiff's proof. *Id.* (citing *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 426 (Tenn. 2011)). Such a motion admits the truth of all the relevant and material allegations contained in the complaint, but asserts that the allegations fail to establish a cause of action. *Id.* (citations omitted). In considering a motion to dismiss, courts should construe the complaint liberally in favor of the plaintiff, taking all allegations of fact as true, and deny the motion unless it appears that the plaintiff can prove no set of facts in support of her claim that would entitle her to relief. *Stein v. Davidson Hotel Co.*, 945 S.W.2d 714, 716 (Tenn. 1997). In considering this appeal from the trial court's grant of the defendant's motion to dismiss, we take all allegations of fact in the plaintiff's complaint as true, and review the trial courts' legal conclusions de novo with no presumption of correctness. *Id.*; Tenn. R. App. P. 13(d); *Owens v. Truckstops of America*, 915 S.W.2d 420, 424 (Tenn. 1996); *Cook*, 878 S.W.2d at 938.

**ANALYSIS**

Although stated differently, Plaintiff presents the following two issues for our review: 1) whether the trial court erred in dismissing Plaintiff's claim, despite Plaintiff's "justifiable reliance" on the plain language of the notice statute, Tenn. Code Ann. § 29-26-121(a), which ordinarily tolls the statute of limitations period for 120 days; and 2) whether the Supreme Court's decision in *Cunningham* should only apply prospectively. We will begin our analysis with a brief review of the 2011 amendment to the Medical Malpractice Act, and specifically the interplay of its 120-day tolling provision and claims under the GTLA for medical malpractice against governmental entities.

I. THE GTLA STATUTE OF LIMITATIONS AND THE HCLA TOLLING PROVISION

In 2011, the General Assembly amended the Medical Malpractice Act to modify the definition of "health care liability action" to include "claims against the state or a political subdivision thereof." Act of May 20, 2011, ch. 510, § 8, 2011 Tenn. Pub. Acts. 510, 1506 (codified as amended at Tenn. Code Ann. § 29-26-101(a) (2012)). The 2011 amendment became applicable to all causes of action accruing on or after October 1, 2011. *See* 2011 Tenn. Pub. Acts. 510, §§ 8, 24 ("This act shall take effect October 1, 2011, the public welfare requiring it and shall apply to all liability actions for injuries, death and losses covered by this act which accrue on or after such date.").

Prior to the 2011 amendment, there was no specific reference to "governmental entities" or their employees anywhere within the act, and it was uncertain whether the 2008 and 2009 amendment, which established, *inter alia*, that the pre-suit notice requirements and the tolling provision were applicable to actions accruing before October 1, 2011, against governmental entities. The Tennessee Supreme Court resolved this uncertainty in *Cunningham v. Williamson County Hospital District* holding that:

> [a]lthough the 2009 amendment to the Medical Malpractice Act "applies to all medical malpractice actions," this language does not reference the applicability of the Medical Malpractice Act to actions governed by the GTLA. The language of section 29-26-121(c) fails to evince an express legislative intent to extend the statute of limitations in GTLA cases.

*Cunningham*, 405 S.W.3d at 45-46. The Supreme Court then held that "it is reasonable to conclude that by choosing not to use express language applying Tennessee Code Annotated section 29-26-121(c) to cases governed by the GTLA, the legislature did not intend to apply the 120-day extension to the GTLA statute of limitations." *Id.* at 46.

The cause of action in *Cunningham* accrued on November 25, 2008. *Id.* at 42. After providing pre-suit notice, the plaintiffs filed their claim for medical malpractice against a government entity on March 12, 2010. *Id.* The Supreme Court found that, despite the plaintiffs' filing of pre-suit notice, the twelve-month statute of limitations provided by the GTLA expired on November 25, 2009. Thus, because the plaintiffs filed their claim more than 12 months after the alleged medical malpractice, their claim was untimely and must be dismissed. *Id.* at 46. In reaching this decision, the Supreme Court expressly noted that the 2011 amendment to the Medical Malpractice Act modifying the definition of "health care liability action" to include "claims against the state or a political subdivision thereof," and further explained that the 2011 amendment became effective on October 1, 2011, after the plaintiffs in *Cunningham* filed their complaint. *Id.* at 45 n.2. After concluding the 2011 amendment did not apply retroactively and, thus, was not at issue in *Cunningham*, the Court declined to determine whether the language of the 2011 amendment clearly expresses a legislative intent to extend the statute of limitations in GTLA cases. *Id.*

Since the *Cunningham* decision, this court has specifically recognized that the relevant date in determining whether the 2011 amendment to the HCLA applies to a case is the date on which the cause of action accrues. *See Wade v. Jackson Madison Cnty. Gen. Hosp. Dist.*, --- S.W.3d ---, No. W2014-01103-COA-R3-CV, 2015 WL 340265 at *6 (Tenn. Ct. App. Jan. 27, 2015) *appeal denied* (May 19, 2015) ("Accordingly, the new language only applied to actions that had accrued on or after October 1, 2011."); *Banks. v. Bordeaux Long Term Care, et al.*, 465 S.W.3d 141, 144 (Tenn. Ct. App. Dec. 4, 2014) *appeal denied* (Apr. 10, 2015) ("The cause of action in the case on appeal accrued in January 2012, therefore, the 2011 amendments to the HCLA apply."); *Harper v. Bradley*

*County*, 464 S.W.3d 615, 618 (Tenn. Ct. App. Oct. 30, 2014) *appeal denied* (Feb. 19, 2015) ("In the present case, plaintiff's cause of action accrued after October 1, 2011, the date on which the 2011 amendment became effective.").

Plaintiff's cause of action accrued on May 18, 2010. After giving pre-suit notice on May 11, 2011, and relying upon the tolling provision in Tenn. Code Ann. § 29-26-121(c), Plaintiff filed her complaint against the government entity on September 8, 2011, which was one year and 113 days after the cause of action accrued. Because the cause of action in this case accrued prior to October 1, 2011, the HCLA does not apply; thus, the statute of limitations was not extended by giving pre-suit notice of intent to file a claim. Accordingly, as *Cunningham* explains, this action is time barred. *See Cunningham* 405 S.W.3d at 46; *Kelley v. Chattanooga-Hamilton Cnty. Hosp. Auth.*, No. E2011-02665-COA-R3CV, 2013 WL 2295667, at *1 (Tenn. Ct. App. May 23, 2013)[4].

Nevertheless, Plaintiff argues that the decision in *Cunningham* effected a substantive change in the law; therefore, we may only apply that decision prospectively. We are not persuaded by Plaintiff's argument. The Supreme Court's decision in *Cunningham* is controlling because Plaintiff's cause of action accrued *prior to* October 1, 2011, the date on which the 2011 amendment became effective. Moreover, by applying *Cunningham* prospectively we would be extending the statute of limitations for Plaintiff's claim against a state entity, which would, in effect, amend, revise, or waive the state's sovereign immunity, and the courts are expressly precluded from doing just that.

## II. TENNESSEE'S SOVEREIGN IMMUNITY

Tennessee's sovereign immunity arises from its constitution. Article I, section 17, of the Tennessee Constitution provides that "suits may be brought against the State in such manner and in such courts as the Legislature may by law direct." Based upon this constitutional provision, no civil action against the State may be sustained absent express authorization from the Tennessee General Assembly. *Greenhill v. Carpenter*, 718 S.W.2d 268, 270 (Tenn. Ct. App. 1986); *see also Chumbley v. State*, 183 Tenn. 467, 192 S.W.2d 1007 (1946) (holding that a suit against the State of Tennessee is barred by Tennessee Constitution article I, section 17 when it is not brought in such manner as the legislature has directed).

---

[4] In *Kelley*, this court expressly stated that it withheld its decision in the case pending the Supreme Court's ruling in Cunningham. *Kelley*, 2013 WL 2295667, at *1. Thereafter we affirmed the trial court's dismissal of the plaintiff's complaint as untimely despite the plaintiff's compliance with Tenn. Code Ann. § 29-26-121(a) (2012), for the alleged malpractice occurred in February 2010, and the plaintiff filed suit in June 2011, more than 12 months after the alleged malpractice against a government entity. *Id*.

It is also critical to recognize that the courts of this state have *no power to amend, revise, or waive* this state's sovereign immunity. *Brown v. State*, 783 S.W.2d 567, 571 (Tenn. Ct. App. 1989) (citing *Austin v. City of Memphis*, 684 S.W.2d 624, 637 (Tenn. Ct. App. 1984)). The unequivocal restraint upon the courts of this state is stated in Tenn. Code Ann. § 20-13-102(a):

> No court in the state shall have any power, jurisdiction or authority to entertain any suit against the state, or against any officer of the state acting by authority of the state, with a view to reach the state, its treasury, funds or property, and all such suits shall be dismissed as to the state or such officers, on motion, plea or demurrer of the law officer of the state, or counsel employed for the state.

Thus, only the Tennessee General Assembly may waive this state's sovereign immunity, and legislation authorizing suits against the state must provide for the state's consent in "*plain, clear, and unmistakable*" terms. *Williams v. State*, 139 S.W.3d 308, 311 (Tenn. Ct. App. 2004) (quoting *State ex rel. Allen v. Cook*, 171 Tenn. 605, 106 S.W.2d 858, 861 (1937)) (emphasis added). "The state cannot be subjected to suits by individuals unless the words of the act are so plain, clear and unmistakable as to leave no doubt of the intention of the Legislature that it should be done." *Daley v. State*, 869 S.W.2d 338, 340 (Tenn. Ct. App. 1993) (citing *Quinton v. Board of Claims*, 54 S.W.2d 953, 957 (Tenn. 1932); *Brewington v. Brewington*, 215 Tenn. 475, 387 S.W.2d 777, 779 (1965)). Moreover, a statute permitting suit against the state must be strictly construed, and jurisdiction cannot be enlarged by implication. *Chumbley*, 192 S.W.2d at 1008; *Brown*, 783 S.W.2d at 571.

At the time Plaintiff's complaint was filed, the legislature did not intend to apply the 120-day extension to medical malpractice actions governed by the GTLA. *Cunningham*, 405 S.W.3d at 46 ("[B]y choosing not to use express language applying Tennessee Code Annotated section 29-26-121(c) to cases governed by the GTLA, the legislature did not intend to apply the 120-day extension to the GTLA statute of limitations."). Moreover, the time for pursuing an action brought under the GTLA cannot be extended by the application of a tolling provision that does not specifically apply to claims against a governmental entity. *See Brown v. State*, 783 S.W.2d 567, 572 (Tenn. App. 1989) ("The time for pursuing a remedy against the State can be extended neither by filing an unauthorized suit in an unauthorized forum, nor by the application of the 'Savings Statute' which does not specifically apply to claims against the State.").

As noted earlier, it is not within the power of this court to amend, revise, or waive this state's sovereign immunity. *Brown*, 783 S.W.2d at 571. Plaintiff's request for prospective application only of the Supreme Court's decision in *Cunningham* would result in an extension to the twelve-month statute of limitations specifically provided

under the GTLA and a waiver of this state's sovereign immunity. Accordingly, we decline Plaintiff's request.

For the foregoing reasons, we affirm the trial court's judgment dismissing Plaintiff's complaint as untimely.

## IN CONCLUSION

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against Plaintiff.

_____
FRANK G. CLEMENT, JR., JUDGE