CHESTER A. BRENT, JR., et al.

*v*

THE TOWN OF GREENEVILLE et al.

(*Knoxville,* September Term, 1957.)

Opinion filed December 6, 1957.

Rehearing Denied February 6, 1958.

WILLIAM S. TODD and JOHN R. TODD, Kingsport, for appellants.

WALTER A. CURTIS, JR., Greeneville, for appellees.

MR. JUSTICE PREWITT delivered the opinion of the Court.

The complainants filed their bill seeking a declaratory judgment as to the effect of an ordinance passed by the Town of Greeneville, whereby certain territory was annexed to the Town, under authority of Chapter 113, Public Acts, 1955, now T.C.A. Sections 6-308, 6-319.

The defendants have appealed from a decision of the Chancellor overruling their demurrer to the bill.

There is only one question involved in this proceeding and that is to decide whether or not T.C.A. Section 28-106, gives the defendants the right to commence a new action to test the validity of the ordinance in question, within one year from the date of their voluntary non-suit in the Circuit Court proceedings.

The complainants contend that the right being exercised by the defendants was created by statute and the time in which the right could be exercised was limited by the same statute, that time was the essence and the Section above cited T.C.A. Section 28-106, is not operative, and cannot be invoked by the defendants.

The statute which authorizes annexation by municipalities under certain conditions is Chapter 113, of the

Public Acts of 1955, and is now codified as T.C.A. Sections 6-308, 6-319.

T.C.A. Section 6-309 provides:

"Annexation by ordinance.—A municipality when petitioned by a majority of the residents and property owners of the affected territory, or upon its own initiative when it appears that the prosperity of such municipality and territory will be materially retarded and the safety and welfare of the inhabitants and property thereof endangered, after notice and public hearing, by ordinance, may extend its corporate limits by annexation of such territory adjoining its existing boundaries as may be deemed necessary for the welfare of the residents and property owners of the affected territory as well as the municipality as a whole, provided said ordinance shall not become operative until thirty (30) days after final passage thereof." And T.C.A. Section 6-310, further provides:

"*Quo warranto* to contest annexation ordinance.— Any aggrieved owner of property lying within territory which is the subject of an annexation ordinance prior to the operative date thereof, may file a suit in the nature of a *quo warranto* proceeding in accordance with secs. 6-308, 6-319 and chapter 28 of title 23, to contest the validity thereof on the ground that it reasonably may not be deemed necessary for the welfare of the residents and property owners of the affected territory and the municipality as a whole and so constitutes an exercise of power not conferred by law.

"If more than one (1) suit is filed, all of them shall be consolidated and tried as one (1) in the first court

of appropriate jurisdiction in which suit is filed. Suit or suits, shall be tried on an issue to be made up there, and the question shall be whether the proposed annexation be or be not unreasonable in consideration of the health, safety and welfare of the citizens and property owners of the territory sought to be annexed and the citizens and property owners of the municipality. Should the court find the ordinance to be unreasonable, an order shall be issued vacating the same. In the absence of such finding an order shall be issued sustaining the validity of such ordinance, which shall then become operative thirty-one (31) days after judgment is entered unless an abrogating appeal has been taken therefrom.

"If on appeal judgment shall be against the validity of such ordinance, an order shall be entered vacating the same; otherwise, it shall become operative forthwith by court order and shall not be subject to contest or attack in legal or equitable proceedings for any cause or reason, the judgment of the appellate court being final."

It is insisted by the defendants that the above sections constitute a statute of limitations, but we are of the opinion that the different statutes of limitation limit the time within which the remedy for a violation of an existing right must be exercised, and if the remedy is not pursued in time the statutes of limitation bar the remedy, and if pursued in time, but dismissed for any reason not concluding the right of action the saving statute comes into play and gives the litigant additional time within which to pursue his remedy.

In *Automobile Sales Co. v. Johnson,* 174 Tenn. 38, 122 S.W.2d 453, 120 A.L.R. 370, the plaintiff brought suit against the Commissioner of Finance and Taxation to recover gasoline taxes paid under protest. The statute authorizing this suit was T.C.A. Section 67-2305, which reads as follows:

"The person paying said revenue may, at any time within thirty (30) days after making said payment, and not longer thereafter, sue the said officer having collected said sum, for the recovery thereof."

Before this plaintiff had filed a suit in the Chancery Court for Shelby County to recover the same tax within thirty days after the payment thereof. This suit was dismissed without prejudice, upon a demurrer being sustained. In the trial of this case the court sustained a plea in abatement, after overruling a demurrer thereto.

The plaintiff appealed insisting that since his suit in Chancery had been brought within thirty days, and had been dismissed upon grounds not concluding the right of action T.C.A. Section 28-106 had application.

In *Automobile Sales Co. v. Johnson, supra* [174 Tenn. 38, 122 S.W.2d 456], this Court affirmed the judgment of the trial court, and held that said statute did not apply in cases where the right was created by statute and in the same statute a time limit was set within which to exercise the right.

"* * * the procedural statute Code, Section 8572 (now 28-106) herein invoked has application to statutes of limitation of a general nature which relate to the remedy only, whereas we have here a statute which

expressly provides a condition precedent, compliance with which is essential in order to confer jurisdiction.''

See 37 *Corpus Juris,* page 1084; 54 C.J.S. Limitations of Actions sec. 217.

The defendants, in this cause, were given a right by the statute, not a remedy, and were further given a limited time in which to exercise the right.

The distinction between a statute of limitations of a general nature which relates to the remedy only, and a case like the present one where the statutory right in its very origin is limited, was considered in *Vaught v. Virginia & Southwestern Railroad,* 132 Tenn. 679, 179 S.W. 314.

This case held that since there was no provision in the Federal Act, which created the right of a new action to be instituted after a voluntary non-suit, the limitation of two years was a condition upon the right to sue at all, and T.C.A. Section 28-106 did not apply and could not be invoked.

This is a case where the complainants are asking for a declaration of their rights under both a Statute and a Municipal Ordinance.

The defendants insist that after the dismissal of their suit in the Circuit Court, they have twelve months in which to refile their suit.

We hold that the defendants do not have a right by virtue of T.C.A. Section 28-106, to refile a suit one year from the date of the non-suit to commence a new action.

It results that we find no error in the decree of the Chancellor and it is affirmed.