**STATE of Tennessee, ex rel. Larry McNA-MEE, Elbert E. Griffith, and Dwight A. Cope, Plaintiffs–Appellants,**

v.

**CITY OF KNOXVILLE, Tennessee, Defendant–Appellee.**

Court of Appeals of Tennessee, Eastern Section.

July 11, 1991.

Application for Permission to Appeal Denied by Supreme Court Dec. 2, 1991.

David L. Buuck, Knoxville, for plaintiffs-appellants.

Thomas A. Varlan and Debra C. Poplin, Knoxville, for defendant-appellee.

## OPINION

GODDARD, Judge.

This quo warranto proceeding was filed pursuant to TCA 6–51–103 to contest an annexation ordinance passed by the Defendant City of Knoxville. All three Plaintiffs who initiated the action in the name of the State of Tennessee owned property in the proposed annexation area. However, two of the Plaintiffs—Larry McNamee and Dwight Cope—sold their property prior to trial of the matter, and the remaining Plaintiff—Elbert Griffith—sold his land after the first trial was declared a mistrial due to a deadlocked jury, and before the next scheduled trial date.

Upon the Defendant's motion for dismissal or alternatively for summary judgment on the basis that none of the Plaintiffs was any longer an "aggrieved property owner" as defined by TCA 6–51–103, the Trial Court granted the Defendant's motion to dismiss.

On appeal the Plaintiffs raise the following issue: In a quo warranto proceeding, pursuant to TCA 6–51–103, that contests an annexation ordinance, does the cause of action survive the pendente lite transfer of property by the original plaintiff?

For the following reasons we hold that it does not survive, and we therefore affirm the Trial Court's judgment.

TCA 6–51–103(a)(1)(A) provides in part as follows:

Any aggrieved owner of property which borders [1] or lies within territory which is the subject of an annexation ordinance prior to the operative date thereof, may file a suit in the nature of a quo warranto proceeding in accordance with this part, § 6–51–301 and title 29, chapter 35 to contest the validity thereof on the ground that it reasonably may not be deemed necessary for the welfare of the residents and property owners of the affected territory and the municipality as a whole and so constitutes an exercise of power not conferred by law.

As noted, both Mr. McNamee and Mr. Cope sold their property in the proposed annexation area prior to trial. The Defendant made a motion at the time of trial that these Plaintiffs be dismissed from the suit as a result of their loss of property ownership. Because Mr. Griffith remained a property owner and Plaintiff, the Trial Court made no specific ruling of dismissal with regard to the other two Plaintiffs; however, they were no longer treated as Plaintiffs and so they were effectively dismissed from the suit.

Subsequent to the first trial being declared a mistrial in January 1990, and before the next scheduled trial of the matter, Mr. Griffith sold his property to Everett Noe in February 1990. In May 1990, the Defendant filed a written motion for dismissal since none of the Plaintiffs any longer owned property in the affected area. In August 1990, Mr. Griffith executed an assignment by which he purportedly transferred his interest in this quo warranto cause of action to Mr. Noe.

The Supreme Court, in *City of Oak Ridge v. Roane County*, 563 S.W.2d 895 (Tenn.1978), addressed the provisions of TCA 6–51–103. We adopt the Trial Court's summarization of *City of Oak Ridge* as it relates to the present case:

In *City of Oak Ridge* the Supreme Court pointed out that prior to enactment of the foregoing statute authorizing judicial intervention in the annexation process there was no basis for judicial review of annexation absent constitutional infirmity. Thus, the Supreme Court concluded that within the four corners of the statute the entire jurisdiction and authority of the courts to review an annexation

---

1. The Supreme Court has struck down as unconstitutional an amended portion of this statute that extended the right to contest an annexation ordinance to adjacent (bordering) property owners. *See Hart v. City of Johnson City*, 801 S.W.2d 512 (Tenn.1990). Thus, standing to contest an annexation ordinance is now limited to property owners within the area being annexed. It is undisputed that the three Plaintiffs in the present suit did originally own property within the proposed annexed area.

must be found, and that the rights accorded by the statute are limited to those set forth in it.

The *City of Oak Ridge* opinion is in accord with *Brent v. Town of Greeneville*, 203 Tenn. 60, 309 S.W.2d 121 (1957), an earlier Supreme Court decision concerning the same statute. In *Brent*, the Court disallowed the use of a one-year saving statute where certain parties had properly filed a quo warranto action contesting an annexation ordinance and then had voluntarily taken a nonsuit with the intention of refiling the suit within twelve months. It appears that the Court strictly construed the statutory language ("prior to the operative date" of the ordinance) concerning the allowable time period for bringing a suit: "The defendants, in this cause, were given a right by the statute, not a remedy, and were further given a limited time in which to exercise the right."

The Trial Court in the present case relied upon *Brent* in arriving at its judgment. We find the Court's rationale persuasive and adopt it as set out below:

It is concluded from [following the example of *Brent* ] that the determination of whether Plaintiff Griffith's suit abates, because he has conveyed his interest in the property which gave him the right to file the suit in the beginning, must be determined from the annexation statute. T.R.C.P. 25.03 providing for substitution of parties upon transfer of interest in the action and cited by Plaintiff Griffith, does not control over the annexation statute as in *Brent*, supra, it was held the one year nonsuit statute did not.

The annexation statute, providing that a property owner may file a timely suit to contest an annexation, the clear intent of the statute is that such a plaintiff, as a property owner, may maintain and continue such a suit once filed. However, as already observed the statute does not expressly provide he may continue a properly filed suit once he has given up his property interest. May he? Also, the statute does not permit a nonproperty owner to file a suit; thus, may such an individual later, as here attempted, maintain a suit, if he later ... acquires

the property from one who has timely filed suit? Again, the statute does not expressly say. The statute not expressly addressing these questions, it is concluded that upon sale of his property neither a plaintiff who timely brought suit, nor his subsequent purchaser may continue the suit: it abates. This conclusion is reached for several reasons. First, until the legislature spoke the judiciary had no part (except for constitutional infirmity) in annexation, so the statute should be applied only to carry out what it clearly permits, and not more, leaving to the legislature the prerogative of expanding the scope of actions maintained under the statute as it determines best after due deliberation. Second, inasmuch as any property owner may file an annexation suit, the denial of the right to continue suit as to property sold is not a great burden. Third, no right of substitution is provided for in the statute, which tends to indicate there is no such right, and no continuing interest under the statute for the original plaintiff to continue the case....

All of this is not to say that there are no arguments in favor of continuing the lawsuit, either in Plaintiff's name or by substitution. For example, can it not be argued that in permitting the bringing of a suit the legislature intended and contemplated it should be permitted to be tried to conclusion. An answer to this, which carries at least equal force, is that only property owners at the time of passage of an annexation ordinance are those intended to be protected under the statute, and not those later acquiring land in the area. Fully considered, it is concluded that the annexation statute does not provide for one who has transferred his interest to continue the suit, or permit substitution....

Plaintiff Griffith argues that the suit having been brought in the name of the State of Tennessee, the presence of the individual plaintiff is no longer required. Again the parameters of T.C.A. § 6–51–103(a)(1)(A) control. The statute contemplates a suit brought by one or more

property owners. While it would appear that the State is required to be named, because the scope and effect of the suit will probably extend beyond the interest of the plaintiff, there is no provision in the statute burdening the State with the litigation or creating any litigatable interest ... in the State. The thrust of the statute is to permit challenges of an annexation ordinance by those who own property in the area involved at the time of passage of the ordinance, and there is no provision for nonproperty owners, including the State, to bring or maintain such a challenge. Plaintiff's case may not be continued even though brought in the name of the State.

For the foregoing reasons, we affirm the Trial Court's judgment. The cause is remanded for collection of the costs below. Costs of appeal are adjudged against the Plaintiffs and their surety.

FRANKS and McMURRAY, JJ., concur.