IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
February 20, 2013 Session

GENE B. COCHRAN, ET AL. v. CITY OF MEMPHIS, TENNESSEE

Direct Appeal from the Chancery Court for Shelby County
No. CH-11-1123-1     Walter L. Evans, Chancellor

No. W2012-01346-COA-R3-CV - Filed March 19, 2013

The South Cordova Area was annexed in November 2001. In December 2001, Plaintiffs timely filed a complaint challenging the South Cordova Area annexation. In 2011, however, the complaint was dismissed "without prejudice" for failure to prosecute. Thereafter, Plaintiffs filed a second complaint challenging annexation, but the trial court dismissed the complaint for failure to state a claim. We affirm.

Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Affirmed

ALAN E. HIGHERS, P.J., W.S., delivered the opinion of the Court, in which DAVID R. FARMER, J., and HOLLY M. KIRBY, J., joined.

Richard L. Winchester, Jr., Memphis, Tennessee, for the appellants, Gene B. Cochran, Don S. Jamison, William L. Kegler, Roger B. Rice, Barry L. Knight and Dr. E. Sidney Birdsong

Allan J. Wade, Brandy S. Parrish, Memphis, Tennessee, for the appellee, City of Memphis

## OPINION

### I.  FACTS & PROCEDURAL HISTORY

On November 20, 2001, the Memphis City Council passed Ordinance No. 4907 annexing the "South Cordova Annexation Area" ("South Cordova Area").  That same day, the City Council also passed Ordinance No. 4908 annexing the "Southeast Industrial Corridor Annexation Area" ("Southeast Area").

On December 18, 2001, alleged landowners within the South Cordova Area–Gene B. Cochran, Don S. Jamison, William L. Kegler, Roger B. Rice, Barry L. Knight, and Dr. E. Sidney Birdsong (collectively, "Plaintiffs")–filed a "Complaint for Declaratory Judgment in the Nature of a Quo Warranto Proceeding Per T.C.A. § 6-51-103, and T.C.A. § 6-58-111" ("First Complaint") challenging the annexation of the South Cordova Area.[1]  However, on April 20, 2011, the First Complaint was dismissed "without prejudice" for lack of prosecution.  Plaintiffs moved to set aside the dismissal, but their motion was denied.  No appeal was taken from the dismissal of the First Complaint.

On July 5, 2011, Plaintiffs filed a "Complaint in the Nature of a Quo Warranto Proceeding Per T.C.A. § 6-51-102(b)(5), and for a Declaratory Judgment, Per T.C.A. § 6-58-111" ("Second Complaint") again challenging the annexation of the South Cordova Area.[2] As the basis of their *quo warranto* action, Plaintiffs essentially claimed that annexation was unreasonable and/or unnecessary.  Additionally, Plaintiffs sought a declaratory judgment that (1) the City Council had exceeded its authority in annexing the South Cordova Area; and (2) the annexation was "prohibited by law" because the City was in default on a prior plan of services for the *Southeast Area* at the time it annexed the *South Cordova Area*.

The defendant City of Memphis ("City") filed a Motion to Dismiss pursuant to Tennessee Rule of Civil Procedure 12.02(6), claiming that both Plaintiffs' *quo warranto* action and their declaratory judgment action were time-barred.  The City further argued that the declaratory judgment action failed to state a claim for relief because: (1) Plaintiffs' Second Complaint failed to allege facts to support their contention that the City exceeded its authority in annexing the South Cordova Area; (2) a declaratory judgment action is available only when no *quo warranto* proceeding was available; (3) the City could not have been in

---

[1]The First Complaint named as defendants the City of Memphis, the Mayor of Memphis, and specific Memphis City Council Members.

[2]The Second Complaint named only the City of Memphis as a defendant.

-2-

default of a *prior* plan of services for the Southeast Area when it annexed the South Cordova Area, because both areas were annexed at the same time; and (4) the *South Cordova Area* property owner Plaintiffs had no right to enforce a plan of services for the *Southeast Area* after its annexation.

Plaintiffs did not respond to the City's Motion to Dismiss,[3] and, following a hearing, the trial court granted the City's motion finding that Plaintiffs' Second Complaint "fails to state a relief for which relief may be granted[.]" Plaintiffs timely appealed to this Court.

## II.  ISSUE PRESENTED & STANDARD OF REVIEW

On appeal, we are asked to determine whether the trial court erred in granting the City's Motion to Dismiss Plaintiffs' Second Complaint for failure to state a claim.

The City attached as exhibits to its Motion to Dismiss: (1) Ordinance No. 4907, annexing the South Cordova Area; (2) Plaintiffs' First Complaint filed December 18, 2001; (3) the April 20, 2011 "Order Dismissing Cause for Lack of Prosecution"; (4) the June 28, 2011 "Order Denying Motion to Set Aside Order of Dismissal; and (5) Ordinance No. 4908, annexing the Southeast Area.  In *Indiana State Dist. Council of Laborers v. Brukardt*, No. M2007-02271-COA-R3-CV, 2009 WL 426237, at *8-9 (Tenn. Ct. App. Feb. 19, 2009) *discretionary review denied* (Tenn. Aug. 24, 2009), the middle  section of this Court, in allowing consideration of a proxy statement and a certificate of incorporation in resolving a motion to dismiss, cited with approval the following:

> Numerous cases . . . have allowed consideration of matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned; these items may be considered . . . without converting the motion [to dismiss] into one for summary judgment.

(quoting Wright and Miller, *Federal Practice and Procedure, Civil* § 1357, p. 376 (3d ed. 2004)).  We find the motion to dismiss in this case was not converted into a motion for summary judgment.

_____

[3]In its "Order Granting Motion to Dismiss and Dismissing Complaint," the trial court stated that it had considered "Plaintiffs' Response to the Motion to Dismiss[.]" However, no such response is included in the record before this Court, the City's brief states that "Plaintiffs/Appellants did not file a response to the City's motion to dismiss," and Plaintiffs' brief contains no indication that a response was, in fact, filed.

"A Rule 12.02(6) motion to dismiss seeks only to determine whether the pleadings state a claim upon which relief can be granted." *Edwards v. Allen*, 216 S.W.3d 278, 284 (Tenn. 2007). The motion challenges the legal sufficiency of the complaint, admitting the truth of all relevant and material averments contained therein, but asserting that such facts do not constitute a cause of action. *Id.* "It is well-settled that a complaint should not be dismissed for failure to state a claim unless it appears that the plaintiff can prove no set of facts in support of his or her claim that would warrant relief." *Trau-Med of Am., Inc. v. Allstate Ins. Co.*, 71 S.W.3d 691, 696 (Tenn. 2002). We are required to take the relevant and material factual allegations in the complaint as true and to liberally construe all allegations in favor of the plaintiff. *Edwards*, 216 S.W.3d at 284. We are not, however, "required to accept as true assertions that are merely legal arguments or 'legal conclusions' couched as facts." *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 427 (Tenn. 2011) (citing *Riggs v. Burson*, 941 S.W.2d 44, 47 (Tenn. 1997)). We review a trial court's conclusions of law, including its ruling on a Rule 12.02(6) motion to dismiss, *de novo* with no presumption of correctness. *Edwards*, 216 S.W.3d at 284; *see also Doe v. Catholic Bishop for Diocese of Memphis*, 306 S.W.3d 712, 717 (Tenn. Ct. App. 2008) (citing *Stein v. Davidson Hotel Co.*, 945 S.W.2d 714, 716 (Tenn. 1997); *Farris v. Todd*, No. E1999-01574-COA-R3-CV, 2000 WL 528408, at *2 (Tenn. Ct. App. May 3, 2000)).

## III.  DISCUSSION

On appeal, Plaintiffs argue that the trial court erred in dismissing their Second Complaint because their First Complaint was dismissed "without prejudice." They essentially contend that this "without prejudice" language conveyed an automatic right to "re-instate the pending litigation[,]" notwithstanding any issues related to the Second Complaint's sufficiency or timeliness.[4]

### A.  Dismissal of Quo Warranto Action

Prior to 1955, "the primary method in Tennessee for annexation of new territory to the borders of a municipality was by private act of the General Assembly." *Highwoods Props., Inc. v. City of Memphis*, 297 S.W.3d 695, 703 (Tenn. 2009) (citations omitted). However, in 1955, to facilitate a municipality's need to "'plan for its orderly growth and development[,]'" *id.* (quoting *City of Kingsport v. State ex rel. Crown Enters., Inc.*, 562 S.W.2d 808, 814 (Tenn. 1978)), and "to increase the power of municipalities to deal with developments on their peripheries[,]" our legislature "establish[ed] a general law governing the annexation of land to the borders of existing municipalities" via, among other mechanisms, ordinance of the annexing municipality. *Id.* at 704 (citing Tenn. Code Ann. §

---

[4]Plaintiffs provide little demarcation between their *quo warranto* and declaratory judgment claims.

-4-

6-51-102).

A municipality's decision to annex, however, does not go into effect immediately upon passage of an ordinance. ***Town of Huntsville v. Scott County***, 269 S.W.3d 57, 61 n.5 (Tenn. Ct. App. 2008) (citing *City of Knoxville v. Knox County*, No. M2006-00916-COA-R3-CV, 2008 WL 465265, at *3 (Tenn. Ct. App. Feb. 20, 2008) *perm. app. denied* (Tenn. Aug. 25, 2008)). The ordinance becomes operative thirty days after final passage, as aggrieved property owners may contest annexation during this thirty-day period. ***Id.*** (citing *City of Knoxville*, 2008 WL 465265, at *3). Specifically, the 1955 Act granted "'[a]ny aggrieved owner of property lying within the territory[5] which is the subject of an annexation ordinance' a right to challenge the ordinance via a timely filed *quo warranto* action alleging that the annexation 'reasonably may not be deemed necessary for the welfare of the residents and property owners of the affected territory and the municipality as a whole and so constitute[s] an exercise of power not conferred by law.'" ***Id.*** (quoting Act of Mar. 1, 1955, § 2(b)) (footnote omitted). However, "[t]he right to challenge an annexation is [] a 'statutory right' that 'in its very origin is limited.'" ***Id.*** (citing *Brent v. Town of Greeneville*, 309 S.W.2d 121, 123 (Tenn. 1957)); *see also Southwest Tenn. Elec. Membership Corp. v. City of Jackson*, 359 S.W.3d 590, 604 (Tenn. Ct. App. 2010) ("[O]ur Courts have consistently held that the statutory right to challenge an annexation is very limited.") (citing *Highwoods*, 297 S.W.3d at 707-08).

Our Supreme Court has stated that "'[w]ithin the four corners of [the *quo warranto*] statute lies the entire jurisdiction and authority of the Courts to review the actions of municipalities in enacting annexation ordinances.'" ***Id.*** (quoting *City of Oak Ridge v. Roane County*, 563 S.W.2d 895, 897 (Tenn. 1978)). Accordingly, "'the courts have no power to vacate an annexation ordinance for purely procedural defects,' because no such authority has been granted by statute.'" ***Id.*** (quoting *City of Watauga v. City of Johnson City*, 589 S.W.2d 901, 906 (Tenn. 1979)). Instead, "the general rule is that defects in an annexation ordinance must be presented in the context of a challenge to its reasonableness or necessity by way of a timely *quo warranto* challenge." ***Id.*** (citing *City of Oak Ridge*, 563 S.W.2d at 898; *City of Knoxville v. State ex rel. Graves*, 341 S.W.2d 718, 721 (Tenn. 1960)). A *quo warranto* challenge must be made within "thirty days after the operative date of the ordinance," because thereafter, "the courts have no jurisdiction of such suits." ***City of Oak Ridge***, 563 S.W.2d at 898.

As stated above, the City of Memphis moved to dismiss Plaintiffs' Second Complaint,

---

[5]The Act has since been extended to allow "[a]n aggrieved *owner of property that borders . . .* territory that is the subject of an annexation ordinance" to bring a *quo warranto* action. **Tenn. Code Ann. § 6-51-103(a)(1)(A)** (emphasis added).

filed in July 2011, claiming, among other things, that their *quo warranto* action was untimely because it was filed approximately ten years–rather than thirty days–after the November 2001 annexation of the South Cordova Area which it sought to challenge. The trial court dismissed the Second Complaint for failure to state a claim.

On appeal, Plaintiffs suggest that the timeliness of their Second Complaint could not properly be considered via a motion to dismiss. However, our Supreme Court has expressly stated that "[a] Tenn. R. Civ. P. 12.02(6) motion is an appropriate way to seek to invoke the statute of limitations as grounds for dismissing a complaint." ***Redwing v. Catholic Bishop Diocese of Memphis***, 363 S.W.3d 436, 456 n.11, (Tenn. 2012) (citations omitted); *see also Givens v. Mullikin ex rel. Estate of McElwaney*, 75 S.W.3d 383, 404 (Tenn. 2002) ("A 'complaint is subject to dismissal under [R]ule 12.02(6) for failure to state a claim if an affirmative defense clearly and affirmatively appears on the face of the complaint.'") (quoting *Anthony v. Tidwell*, 560 S.W.2d 908, 909 (Tenn. 1977)).

Alternatively, Plaintiffs contend that by dismissing their First Complaint "without prejudice," the trial court intended to "specifically authorize" the "re-filing" of their *quo warranto* action outside of the 30-day limitations period. It appears that this argument was not raised in the trial court,[6] and in any event, this contention finds no support in Tennessee law. As noted by the City, "A court derives subject matter jurisdiction from the Tennessee Constitution or legislative act." ***Word v. Metro Air Servs., Inc.***, 377 S.W.3d 671 (Tenn. 2012) (citing *Meighan v. U.S. Spring Commc'ns Co.*, 924 S.W.2d 632, 639 (Tenn. 1996)). We have found no Constitutional or legislative authority, nor any applicable judicially-recognized exception,[7] permitting a court to exercise jurisdiction over a *quo warranto* action filed outside of the 30-day limitations period. Instead, we find the existence of an affirmative defense–the 30-day statute of limitations for filing a *quo warranto* action–"clearly and affirmatively appears" on the face of the Second Complaint. ***See Givens***, 75 S.W.3d at 404 (citing *Anthony*, 560 S.W.2d at 909). Accordingly, we conclude that the Second Complaint fails to sufficiently raise a *quo warranto* action claim, and we affirm the trial court's

___

[6]Plaintiffs' Second Complaint fails to make any assertion that it was timely filed despite the passage of approximately ten years between the annexation challenged and its filing. Additionally, Plaintiffs did not file a transcript or a statement of the evidence.

[7]At oral argument before this Court, Plaintiffs seemed to indicate that they were not relying upon the Savings Statute, Tenn. Code Ann. § 28-1-105. In any event, the Savings Statute does not apply to section 6-51-103 (formerly § 6-310) annexation challenges dismissed without prejudice. ***See City of Oak Ridge v. Roane County***, 563 S.W.2d 895, 898 (Tenn. 1978) (citing *Brent v. Town of Greenville*, 203 Tenn. 60, 309 S.W.2d 121 (1957) (finding that the Savings Statute did not save a voluntarily non-suited annexation ordinance challenge from operation of the 30-day challenge period set forth in Tennessee Code Annotated section 6-51-102 (formerly § 6-309)).

dismissal of such.

### *B. Dismissal of Declaratory Judgment Action*

As stated above, Plaintiffs' Second Complaint sought a declaratory judgment that (1) the City Council had exceeded its authority in annexing the South Cordova Area; and (2) the annexation was "prohibited by law" because the City was in default on a prior plan of services for the *Southeast Area* at the time it annexed the *South Cordova Area*.

On appeal, the City argues that Plaintiffs' declaratory judgment action was properly dismissed because (1) Plaintiffs' Second Complaint alleged no facts to support its claim that the City exceeded the authority granted to it; (2) a declaratory judgment action is available only when no *quo warranto* proceeding was available; (3) it is factually and legally impossible for the City to have been in default of a *prior* plan of services for the *Southeast Area* at the time it annexed the *South Cordova Area* because both areas were annexed on the same day; and (4) Plaintiffs–as *South Cordova Area* property owners–have no right to enforce a plan of services for the *Southeast Area*.

Challenges related to the reasonableness or necessity of an annexation must be brought via a timely *quo warranto* action; however, where an annexation ordinance is alleged to be void or to exceed the authority delegated by the legislature, a declaratory judgment action may be permissible. *State ex rel. Earhart v. City of Bristol*, 970 S.W.2d 948, 954 (Tenn. 1998); *Blount v. City of Memphis*, No. W2006-01191-COA-R3-CV, 2007 WL 1094155, at *4 (Tenn. Ct. App. Apr. 13, 2007). To challenge an annexation ordinance via a complaint for declaratory judgment, however, two requirements must be met: (1) the challenge must relate to an ultra vires act; and (2) a *quo warranto* proceeding must not be available. *Highwoods Props., Inc.*, 297 S.W.3d at 708-09 ("'Subject to some exceptions, a declaratory judgment actions should not be considered where special statutory proceedings provide an adequate remedy.'") (quoting *Colonial Pipeline Co. v. Morgan*, 263 S.W.3d 827, 838 (Tenn. 2008)).

### 1. Plaintiffs' Claim that the City Exceeded its Authority

In this case, Plaintiffs cannot claim that they were unable to bring a *quo warranto* to allege that the City Council had exceeded its authority in annexing the South Cordova Area because this claim was expressly raised in their First Complaint filed on December 18, 2001.[8] That the action was ultimately dismissed due to their failure to prosecute is of no

---

[8]As stated above, we find the trial court could properly consider the First Complaint in ruling on the City's Motion to Dismiss.

consequence. Because Plaintiffs do not meet the requirements for bringing a declaratory judgment action with regard to this claim, we find that the claim was properly dismissed. *See McMillan v. Town of Signal Mtn. Planning Comm'n*, No. E2009-01254-COA-R3-CV, 2009 WL 4041660, at *3-4 (Tenn. Ct. App. Nov. 23, 2009) (granting the defendants' motion to dismiss, finding that because the plaintiffs had filed a *quo warranto* action, they could not also maintain a declaratory judgment action).

### 2. Plaintiffs' Claim that Annexation was Prohibited by Law

Tennessee Code Annotated section 6-51-102(b)(5) provides that "[a] municipality may not annex any other territory if the municipality is in default on any *prior* plan of services." (emphasis added). On appeal, Plaintiffs claim that their declaratory judgment action was a proper vehicle for raising their claim that the City was in default of its plan of services for the Southeast Area at the time it annexed the South Cordova Area, and therefore, that the annexation of the South Cordova Area was "prohibited by law[.]" Plaintiffs point out that this claim was not raised in the First Complaint, and they insist that was so because the claim had not yet "ripened[.]"

At the outset, the City argues that Plaintiffs' Second Complaint fails to allege any facts to support its allegation that the City defaulted upon its obligations pursuant to the Southeast Area plan of services. Alternatively, it maintains that any failure to comply with its plan of services for the Southeast Area cannot operate to invalidate the annexation of the South Cordova Area. First, it points out that both areas were annexed on the same day, and therefore, it argues that no default of the Southeast Area plan of services could have existed at the time the South Cordova Area was annexed. Second, it claims that Plaintiffs, who own property in the *South Cordova Area*, lack standing to enforce a plan of services for the *Southeast Area*. Third, it contends that the exclusive remedy for failure to comply with a plan of services is mandamus—not annexation invalidation.

"To be sufficient and survive a motion to dismiss, a complaint must not be entirely devoid of factual allegations." *Webb*, 346 S.W.3d at 427. "Tennessee courts have long interpreted Tennessee Rule of Civil Procedure 8.01 to require a plaintiff to state ''the facts upon which a claim for relief is founded.''" *Id.* (quoting *Smith v. Lincoln Brass Works, Inc.*, 712 S.W.2d 470, 471 (Tenn. 1986) (quoting *W & O Contr. Co. v. City of Smithville*, 557 S.W.2d 920, 922 (Tenn. 1977))). A complaint is not required to "'contain detailed allegations of all the facts giving rise to the claim,' but it must 'contain sufficient factual allegations to articulate a claim for relief.'" *Id.* (quoting *Abshure v. Methodist Healthcare-Memphis Hosps.*, 325 S.W.3d 98, 103-04 (Tenn. 2010)). "'The facts pleaded, and the inferences reasonably drawn from these facts, must raise the pleader's right to relief beyond the speculative level.'" *Id.* (quoting *Abshure*, 325 S.W.3d at 104). This Court is simply not

required to "accept as true assertions that are merely legal arguments or 'legal conclusions' couched as facts." *Id.* (citing *Riggs*, 941 S.W.2d at 47-48).

Our review of Plaintiffs' Second Complaint reveals no *factual* allegations to support its conclusory legal allegation that the City "is in default in its plan of services adopted for the Southeast Annexation and, accordingly, is prohibited by law from proceeding with the annexation of the South Cordova Area." For example, the Second Complaint contains no allegations concerning the nature of the alleged default, that the default existed at the time the South Cordova Area was annexed, that residents of the Southeast Area had filed suit to compel the City to perform the plan of services, or that a court had determined that the City had failed to comply with the plan of services without cause. This "bare bones" allegation wholly fails to raise Plaintiffs' right to relief beyond speculation, and therefore, we find that it is insufficient to survive a motion to dismiss for failure to state a claim.

In sum, we affirm the trial court's dismissal of Plaintiff's Second Complaint–both its *quo warranto* and declaratory judgment claims–in toto for failure to state a claim upon which relief can be granted.

## IV. CONCLUSION

For the aforementioned reasons, we affirm the decision of the chancery court. Costs of this appeal are taxed to Appellants, Gene B. Cochran, Don S. Jamison, William L. Kegler, Roger B. Rice, Barry L. Knight, and Dr. E. Sidney Birdsong, and their surety, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, P.J., W.S.